EDWIN LEE ROSENBERGER, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenberger v. Commissioner
Docket No. 22912-82
United States Tax Court
T.C. Memo 1991-328; 1991 Tax Ct. Memo LEXIS 377; 62 T.C.M. (CCH) 168; T.C.M. (RIA) 91328; July 17, 1991, Filed *377 Decision will be entered under Rule 155. Held: Petitioner's income from illegal drug sales in 1979 determined. Held further, additions to tax under sections 6651(a)(1) and 6653(a) upheld. Edwin Lee Rosenberger, Jr., pro se. Ruth M. Spadaro, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM OPINION Respondent determined a deficiency for petitioner's 1979 calendar year in the amount of $ 18,360.81 and additions to tax under sections 6651(a)(1) [1] and 6653(a) of $ 2,516.85 and $ 918.04, respectively. For convenience our Findings of Fact and Opinion are combined. At the time that the petition in this case was filed, petitioner was incarcerated at Ray Brook, New York, with a mailing address of #30548, P.O. Box 300, Ray Brook, New York. At the time of trial petitioner was incarcerated in the Dallas Correctional Institution at Dallas, Pennsylvania, with the following address: Drawer K, Y-8685, Dallas, Pennsylvania 18612. *378 Petitioner did not file Federal income tax returns for any of the years 1973 through 1979. A substitute Federal income tax return for petitioner's 1979 calendar year was prepared by the Examination Division of the Internal Revenue Service, but that return shows no income, deductions, or any Federal income tax liability. Petitioner's occupation is shown thereon as "Dealer." In May 1979, pursuant to a search warrant, police seized marijuana, cocaine, and $ 600 in cash from petitioner's bedroom in his then home at 47 Flower Lane, Levittown, Pennsylvania. (The notice of deficiency was addressed to petitioner at this address.) [2] Petitioner was not present during the search and seizure. As a result there was a warrant issued for petitioner's arrest, and he turned himself in to the Pennsylvania State Police on May 18, 1979. On June 30, 1979, petitioner was arrested for drug and weapons offenses in Bucks County, Pennsylvania, during which weapons and cash of $ 9,390 were seized by the police along with quantities of drugs. Petitioner had been previously arrested in April 1979 for a narcotics violation. *379 As a result of the June 30, 1979, arrest, respondent terminated petitioner's taxable year on August 6, 1979, and assessed a tax of $ 11,481 under section 6851 for the period January 1 to June 30, 1979. The termination assessment was based upon gross income of $ 34,782, which amount was determined from cash in the amount of $ 9,990 confiscated on May 11 and June 30, 1979, verified expenditures including one-half year cost of living and the estimated cost of drugs confiscated on May 11, 1979. On September 2, 1979, petitioner was again arrested in New Jersey for possession of marijuana and cocaine. Cash in the amount of $ 4,297 was confiscated. Finally on September 8, 1979, petitioner was arrested in Pennsylvania and charged with operating a motor vehicle while intoxicated, with two counts of possession of a controlled substance and two counts of possession of a controlled substance with intent to deliver. Cash of $ 3,807 was confiscated along with 224 valium tablets, 862.5 milligrams of phencyclidine hydrochloride (P.C.P.), and 1,428.6 milligrams of methamphetamine hydrochloride. In October 1979 petitioner was present in someone else's house during a purchase by a Drug Enforcement *380 Agency agent of 13.0 grams of methamphetamine hydrochloride from some third party. On December 11, 1979, petitioner pled guilty to and was convicted of four counts of possession of a controlled substance and two counts of possession of a controlled substance with intent to deliver. He also pled guilty to and was convicted of other charges. In April 1980 petitioner was sentenced to a term of not less than 2 years and 6 months and not more than 5 years for these convictions. On July 13, 1982, respondent issued a statutory notice for petitioner's 1979 calendar year which determined a deficiency for that year of $ 18,360. The statutory notice determined that petitioner's gross taxable income for the year 1979 was $ 48,727.82, which was composed of cash expenditures in the amount of $ 9,057.60, confiscated cash in the amount of $ 18,094, and confiscated drugs with an estimated value of $ 21,576.22. The confiscated drugs and their values as indicated in the notice of deficiency were as follows: Drugs Confiscated
Cost
Marijuana - 3.889 Kilograms =
8.57 lbs. @ $ 300/lb. =
$  2,571.00
Cocaine 26% pure - 322 grams x
$ 55.11 per gram =
17,747.00
Roche "10" Valium - 224 tablets =
220.00
P.C.P. (Phencyclidine Hydrochloride) -
862.5 milligrams =
172.50
Methamphetamine Hydrochloride -
1,428.6 milligrams =
85.72
Methamphetamine - net weight 26.3 -
49.3% strength
780.00
*381 Although he disputed the values in the notice of deficiency, petitioner testified that the marijuana and cocaine had been given to him by his brother, who committed suicide after the arrest. He further testified that the cocaine had not been paid for but had been delivered to his brother on consignment. Petitioner testified that the valium tablets were his and were worth $ .17 to $ .20 each, which makes the lot worth approximately $ 45. Petitioner agreed that the P.C.P. was worth approximately $ 172.50 as determined by respondent and that the methamphetamine hydrochloride was worth approximately $ 85.72, also as determined by respondent. The last item on the list, methamphetamine hydrochloride (49.3% strength), was determined to be worth $ 780. Petitioner testified that it was sold by a third party to a Drug Enforcement Agency agent in petitioner's presence, but it is not clear whether he owned the drug that was the subject of the sale. [3]
*382 The statutory notice is based on the assumptions that the cash expenditures and the cash confiscated both reflected income earned during 1979 and that the value of the drugs confiscated also reflected income earned by petitioner during 1979. Petitioner bears the burden of proof. Rule 142(a). Petitioner presented no evidence to show that the cash and certain of the drugs were not received or purchased from income obtained during 1979. We hold that the confiscated cash and cash expenditures were correctly determined by respondent to be income in 1979. However, with regard to the value of the confiscated drugs, there is no evidence as to when or where any of the drugs were purchased. Petitioner testified that the marijuana and cocaine were not purchased by him, and we accept his testimony. Accordingly, the values of the marijuana and the cocaine indicated in the notice of deficiency should not be attributed to petitioner. Petitioner has failed to meet his burden of proving that he did not own the methamphetamine with a value determined by respondent of $ 780 that was sold to Government agents. Petitioner also admitted that the valium (which we have valued at $ 45), the P.C.P. *383 ($ 172.50), and the methamphetamine hydrochloride ($ 85.72) belonged to him, and he intended to use those drugs personally. Therefore, we attribute to petitioner as income for 1979 the sum of $ 1,083.22, representing the value of these four quantities of drugs. Accordingly, petitioner's income for the year 1979 as redetermined by us is composed of cash expenditures in the amount of $ 9,057.60, cash confiscated in the amount of $ 18,094, and drugs in the amount of $ 1,083.22 for a total of $ 28,234.82. While it is not unlikely that petitioner received other income from drug sales during the year 1979, respondent has made no such claim in any pleading or during the trial. Accordingly, petitioner's tax liability should be redetermined on the basis of 1979 income of $ 28,234.82. Based on the record as a whole, we conclude that petitioner's failure to file a return for 1979 was not due to reasonable cause and that petitioner's underpayment is due to negligence or intentional disregard of rules or regulations, within the meaning of sections 6651(a)(1) and 6653(a). Accordingly, the additions to tax determined in the notice of deficiency, as adjusted so as to conform to our findings, *384 are correct. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On this record we can make no finding as to petitioner's State of residence at the time the petition was filed.↩
3. Petitioner was asked at trial whether "it" was his, but it is unclear whether his affirmative response was to this particular item or the other drugs found in his possession.↩